UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MAURICIO PORCAL, <br> Plaintiff, <br><br> v. <br><br> LINA CIUFFO, GUSTAVO EBOLI, <br> LINA CIUFFO CONSTRUCTION <br> CORPORATION, INC., and G.E. <br> CONSTRUCTION INC., <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No.: 10-cv-40016-TSH |

**FURTHER ORDER ON
PORCAL'S MOTION FOR SANCTIONS (DOCKET NO. 31)**

**SEPTEMBER 23, 2011**

**Nature of the Proceeding**

The Plaintiff, Mauricio Porcal ("Porcal") moves for an order imposing sanctions pursuant to Fed. R. Civ. P 37 and Local Rule 37.1 against the Defendants Lina Ciuffo ("Ciuffo"), Gustavo Eboli ("Eboli"), Lina Ciuffo Construction Corporation, Inc. ("LCCC"), and G.E. Construction Inc. ("G.E.") for failure to supplement discovery orders pursuant to the Order of the Court on February 3, 2011. (Docket No. 25). For the reasons set forth below, I order a further hearing.

**Nature of the Case**

The cause of action arises out of the employment of Porcal by LCCC and G.E., under the management of Lina Ciuffo and Gustavo Eboli, between January 2007 and June 2008. *Compl.* at ¶6-7. The Plaintiff has brought this case under the Federal Fair Labor Standards Act, 29 *U.S.C.* § 201 *et seq.*, and the Massachusetts Fair Wage Laws,

1

*Mass. Gen L. c.* 149 § 148; *Mass. Gen L. c.* 151 §§ 1A, 1B, and 19, claiming that the Defendants failed to pay the Plaintiff overtime, prevailing wages, and illegally retaliated against the him when he demanded wages owed. *Id.* at ¶22. The Defendants assert a number of affirmative defenses, including: (i) failure to state a claim, (ii) estoppel, (iii) lack of consideration, (iv) waiver of claim, and (v) the "Doctrine of Unclean Hands." (Docket No. 10).

## Procedural History

On April 28, 2011, the Plaintiff filed a Motion to Compel Further Answers to Interrogatories (Docket No. 22) and a Motion to Compel Further Responses to Porcal's First Request for Production of Documents to Lina Ciuffo (Docket No. 25). I granted both motions, and ordered the Defendants to produce responsive documents and interrogatory answers within two weeks of the Order. (Docket No. 31). The Defendants requested, and were given, an extension of an additional two weeks to comply. Despite this extension the Defendants did not produce the requisite documents and the Plaintiff brought this Motion for Sanctions.

At hearing on May 26, 2011, the Defendants argued that they had supplemented their responses but that much of the information sought was destroyed by them following an investigation by the Attorney General regarding wage issues in a prior case.[1] Upon completion of the Attorney General's investigation, the Defendants claim that they destroyed records, some of which were responsive to Plaintiff's discovery requests.. (Docket No. 33 at ¶2). The Plaintiff now seeks to impose a default judgment as a sanction

---

[1] As a result of that investigation, the Defendants were fined $10,000 for failure to comply with regulations promulgated under Mass. Gen. L. c. 149 and 151. (Docket No. 33-1 at ¶3).

2

upon the under *Fed. R. Civ. P.* 37 and Local Rule 37.1, for failure to respond to this court's order and for their deliberate spoliation of evidence.

## Discussion

"Sanctions are proper upon a finding of willfulness, bad faith, or fault on the part of the noncomplying litigant." *Marrocco v. General Motors Corp.,* 966 F.2d 220, 224 (7th Cir.1992). That being said, Courts need not choose the "least drastic" or "most reasonable" sanction; the sanctions need only to be just in relationship to the abuse of and circumstances surrounding the discovery violation. See *Crown Life Ins. v. Craig,* 995 F.2d 1376, 1381 (7th Cir.1993); see also *Newman v. Metropolitan Pier & Exposition Auth.,* 962 F.2d 589, 591 (7th Cir.1992). The purpose of any sanctions in relation to discovery is to compel the aforementioned order. *Marquis Theatre Corp. v. Condado Mini Cinema*, 846 F.2d 86, 89 (1st Cir. 1988). Any sanction short of a default judgement is to further compel the nonacting party to comply. *Id.*

There are lesser sanctions than default judgement that may be imposed on a party for failure to obey a discovery order, including: (i) directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part or, (iv) staying further proceedings until the order is obeyed. *Fed. R. Civ. P.* 37(b)(2)(a)(i-iv) (2007).

Because the Plaintiff is claiming that the Defendants spoliated evidence, the Court may also consider an adverse inference instruction if the Plaintiff can prove document spoliation. Proof of a claim of spoliation is twofold: (1) the party who allegedly destroyed

the evidence knew of the claim (litigation or potential litigation) before the Court, and (2) the documents are potentially relevant to the claim. *Testa v. Wal-Mart Stores, Inc.,* 144 F.3d 173, 177 (1st Cir.1998). The purpose of the instruction is both to prevent destruction of relevant information and to presume the "common sense" perception that the documents destroyed by a party would harm his or her position within the claim. *Nation-Wide Check Corp., Inc. v. Forest Hills Distribs. Inc.,* 692 F.2d 214, 217-218 (1st Cir.1982). In addition, the party seeking an adverse inference must "adduce sufficient evidence from which a reasonable trier of fact could infer that the destroyed or unavailable evidence would have been of the nature alleged by the party affected by its destruction." *Residential Funding Corp. v. DeGeorge Fin. Corp.,* 306 F.3d 99, 108-09 (2d Cir.2002).

    What is critical to my analysis is the timing of the Defendants' destruction of the documents at issue. *Mass. Gen L. c.* 151 § 15 (2004), creates a statutory obligation on employers in the Commonwealth of Massachusetts to retain pay records for up to two years following the entry date on the record. The records must include "a true and accurate record of the name, address and occupation of each employee, of the amount paid each pay period to each employee, of the hours worked each day and each week by each employee, and such other information as the commissioner or the attorney general in their discretion shall deem material and necessary." *Id.* Willful violation of record keeping may result in civil or criminal punishment, including fines of $25,000 and a year in prison for the first offense. Mass. Gen L. c. 149 § 27C(a)(1) (2004). In addition, the violating contractor is prohibited from public works projects for a period not to exceed five years. *Id.* at § 27(C)(3).

Similarly, federal law requires that employers who are subject to any portion of Title 29, Chapter 8, *Fair Labor Standards*, "shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder." 29 U.S.C. § 211(c) (1985). While no set period of retention is required, violation of the statute includes a maximum punishment of a $10,000 fine and six months in prison.

These statutory record keeping requirements are separate and distinct from the Defendants obligation to preserve evidence when litigation was reasonably anticipated. Under *Fed. R. Civ. P.* 26, a party has a duty to preserve evidence related to the case or controversy for the purpose of discovery. This duty begins when the "party knows or should have known that evidence is relevant to future or current litigation." *E*Trade Securities LLC v. Deutsche Bank AG*, 230 F.R.D. 582 (D.Minn. 2005). Spoliation includes the destruction or alteration of evidence, or failure to preserve evidence for use of the opposing party for pending or future litigations. *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003).

Since the Defendants claim that they have produced all responsive documents in their possession, the question becomes whether their destruction of relevant documents predates their duty to preserve. Unfortunately, the timing of the destruction of the payroll information and when the Defendants duty to preserve in connection with this lawsuit arose is unclear. Accordingly, I am ordering a further hearing on this motion on

5

**October 11, 2011 at 2:00 p.m.   The Defendants are all required to attend this hearing.  Non attendance will be treated as a deliberate contempt of this court.**[2]

This hearing will be for the purpose of receiving evidence on the timing of the various events that are outlined above, with specific emphasis on when the Defendants had a duty to preserve the evidence for the purposes of this litigation.

/s/Timothy S. Hillman
TIMOTHY S. HILLMAN
U.S. MAGISTRATE JUDGE

---

[2]   I am aware that the Defendants, failed to attend the July 13, 2011 further hearing on the Motion for Sanctions, despite being ordered to attend by the court.   I intend to deal with their non-appearance on October 11th as well.