# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAURICIO PORCAL,<br>Plaintiff,<br><br>v.<br><br>LINA CIUFFO, GUSTAVO EBOLI,<br>LINA CIUFFO CONSTRUCTION<br>CORPORATION, INC., and G.E.<br>CONSTRUCTION INC.,<br>Defendants. | Civil Action No.: 10-cv-40016-TSH |

## MEMORANDUM OF DECISION AND ORDER ON
## PLAINTIFF'S MOTION FOR SANCTIONS (DOCKET NO. 31)
November 21, 2011

**HILLMAN, M.J.**

### Nature of the Proceeding

The Plaintiff, Mauricio Porcal ("Porcal") moves to impose sanctions pursuant to Fed. R. Civ. P 37 and Local Rule 37.1 against the Defendants Lina Ciuffo ("Ciuffo"), Gustavo Eboli ("Eboli"), Lina Ciuffo Construction Corporation, Inc. ("LCCC"), and G.E. Construction Inc. ("G.E.") for failure to supplement discovery orders pursuant to the Order of the Court on February 3, 2011. (Docket No. 25). For the reasons set forth below, the motion is granted in part.

### Factual Background

The cause of action arises out of the employment of Porcal by LCCC and G.E., under the management of Lina Ciuffo and Gustavo Eboli, between January 2007 and June 2008. The Plaintiff has brought this case under the Federal Fair Labor Standards Act, 29 *U.S.C.* § 201 *et seq.*, and the Massachusetts Fair Wage Laws, *Mass. Gen L. c.* 149 § 148; *Mass. Gen L. c.* 151 §§ 1A, 1B, and 19, claiming that Defendants failed to pay the Plaintiff overtime, prevailing wages,

and illegally retaliated against the him when he demanded wages owed. Defendants assert a number of affirmative defenses, including: (i) failure to state a claim, (ii) estoppel, (iii) lack of consideration, (iv) waiver of claim, and (v) the "Doctrine of Unclean Hands." (Docket No. 10). Plaintiff worked for the Defendants as a laborer, primarily on public construction projects in Massachusetts. Plaintiff alleges that Defendants are the only parties with documents and information detailing the dates and hours worked by Plaintiff, the wage rate or rates at which Plaintiff was to be paid, the wages actually paid to Plaintiff, and the identity of third-parties who might possess discoverable information, such as the general contractors and awarding authorities for projects worked on by Plaintiff.

Following a Scheduling Conference, Plaintiff served *Interrogatories and Requests for Production of Documents* upon the Defendants. Defendants eventually served discovery responses on or about November 17, 2010. Plaintiff filed several discovery motions, *see* Docket Nos. 22 – 26, which were heard in this Court on February 3, 2011. Defendants Ciuffo, Eboli, and Ciuffo Construction were ordered to supplement their responses as to Porcal no later than February 18, 2011.

On February 16, 2011, *Defendants filed a Motion To Extend Time For Defendants' Responses* on the basis that, *inter alia*, Ciuffo and Eboli had left the United States and would return on or about March 1, 2011. *See* Docket No. 29. The Court allowed Ciuffo, Eboli, and Ciuffo Construction until March 4, 2011, to supplement their discovery responses. At the hearing on this motion on May 26, 2011, Defendants argued that they had supplemented their responses to the extent possible, but that much of the information sought was destroyed by them following

the investigation by the Attorney General.[1]  It was at this May 26 hearing that the Plaintiff learned for the first time about the destruction of the documents.[2]

Plaintiff has filed this motion for sanctions, alleging that Defendants Ciuffo and Eboli destroyed the responsive documents, specifically Plaintiff's payroll records for the time period relevant to this litigation.  A further hearing on the matter of spoliation of documents was held on October 11, 2011 to determine whether Defendants' destruction of the relevant documents predated their duty to preserve them.

At the hearing, Defendants Ciuffo and Eboli testified as to their knowledge on the creation and destruction of the payroll documents.  The issue for the Court is whether a duty to preserve records was imposed on the Defendants at the time they destroyed the documents.

## Discussion

Plaintiff asserts that Defendants failed to preserve certain documents related to Plaintiff's employement at Ciuffo Construction. Plaintiff further maintains that this failure constitutes a violation of state and Federal law and can be remedied only by the a judgment by default against all Defendants and request that Defendants to pay the expenses, including attorneys' fees, incurred in obtaining this order or any other relief as this Court deems proper.  Plaintiff relies on Mass. Gen. L. c. 151 § 15 (2004), Fed. R. Civ. P. 37 and this court's inherent power to impose

---

[1] The full procedureal history of the matter was set forth in detail in a *Further Order on Porcal's Motion for Sanctions* (Docket No. 38).

[2] The investigation by the Attorney General's office began on January 27, 2009, when Plaintiff filed a Non-Payment of Wage and Workplace Complaint Form with that office. The Fair Labor Division inspector assigned to the case, Nuno Fontes-Montrand, served the Complaint Form to the Defendants on February 25, 2009. Following a seven month investigation, Defendants were fined a total of $10,000 for failure to submit true and accurate certified payroll records for work performed from January 1, 2006 through July 1, 2009 on various public works projects in Massachusetts. Payment by the Defendants closed the matter with the Attorney General in September of 2009.

these sanctions.

Under Rule 37(b), this court has the ability to levy sanctions if "a party ... fails to obey an order to provide or permit discovery ... or if a party fails to obey an order... ." Under Rule 37(b), "a court order must be in effect, and then violated, as a prerequisite for the imposition of sanctions thereunder." *Thiebeault v. Square D. Co.*, 960 F.2d 239, 245 (1st Cir. 1992). The Plainitiff filed the complaint in this matter on January 14, 2010, and the Defendants were served with the Complaint on March 15, 2010.

In addition to the ability to sanction under Rule 37, this Court has broad inherent powers, not governed by rule or statute, that permit it to sanction parties. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123,(1991) (courts are invested with inherent powers to manage their own affairs so as to achieve expeditious disposition of cases). Under these powers, this Court has the ability to dismiss cases, exclude evidence, or impose other sanctions as warranted by the conduct in question. *See Headley v. Chrysler Motor Corp.*, 141 F.R.D. 362, 363-65 (D.Mass. 1991). In applying inherent powers to spoliation cases, this court can "impose sanctions against a litigant 'who is on notice that documents and information in its possession are relevant to litigation or potential litigation, or are reasonably calculated to lead to the discovery of admissible evidence, and destroys such documents and information.' " *Citizens for Consume v. Abbott Laboratories, Slip Copy 2007 WL 7293758*, at *4 (D.Mass.), citing *McGuire v. ACUFEX Microsurgical, Inc.*, 175 F.R.D. 149, 153 (D.Mass.1997) (internal citations omitted).

The Plaintiff argues that the duty to preserve arose at the time the Defendants were served with with the Attorney General's complaint on February 25, 2009, pursuant to Mass. Gen. L. c. 149, § 27. Thus, the Plainitiff contends, any failure by the Defendants to preserve discoverable

documents after this time would be sanctionable because litigation would have been imminent. To determine if defendants are entitled to the sanctions they seek, it is necessary to evaluate the individual elements of a spoliation claim. There are five elements: (1) an act of destruction; (2) discoverability of the evidence; (3) an intent to destroy the evidence; (4) occurrence of the act at a time after suit has been filed, or, if before, at a time when the party is on notice that evidence may be relevant to potential litigation; and (5) prejudice to the moving party. *See McGuire*, 175 F.R.D. at 154.

Defendants testified at the October 2011 hearing that the payroll documents at issue were indeed destroyed by them at the close of the Attorney General's investigation, with a clear intent to destroy the offending documents that had already cost them $10,000 in restitutution. Based on the facts of this case and the considerable past experience Defendants had with the Attorney General's office regarding fair labor practices, Defendants should have know that the documents should be retained. They had duty to preserve evidence under Fed. R. Civ. P. 26 and by not doing so, prejudiced the Plaintiff in the current litigation. Accordingly, I find that the Defendants spoliated the documents at issue.

Moreover, Plaintiff cites to Mass. Gen. Law ch. 149, § 27, maintaining that the duty to preserve here arose when the Defendants were served with the Attorney General's complaint in February 2009. That statute states, in pertinent part:

> [...] When an investigation by the attorney general's office reveals that a contractor or subcontractor has volated this section by failing to pay said rate or rates of wages ...
>
> An employee claiming to be aggrieved by a violation of this section may, 90 days after the filing of a complaint with the attorney general, or sooner if the attorney general assents in writing, and within 3 years after the violation, institute and prosecute in his own name and on his own behalf, or for himself and for others similarly situated, a civil

action for injunctive relief, for any damages incurred, and for any lost wages and other benefits. [... ]

In addition, M.G.L. c. 151, §15, requires payroll records to be kept for two years after the entry date in the record:

> [...] Every employer shall keep a true and accurate record of the name, address and occupation of each employee, of the amount paid each pay period to each employee, of the hours worked each day and each week by each employee, and such other information as the commissioner or the attorney general in their discretion shall deem material and necessary. Such records shall be kept on file for at least two years after the entry date of the record.

## Conclusion

For the foregoing reasons, *Plaintiff's Motion for Sanctions (Docket No. 31)* is **GRANTED** in part, consistent with the terms set forth in this order. Defendants are ordered to pay Plaintiff's all expenses, including attorney's fee, incurred in obtaining this order. Furthermore, the jury shall be given a specific instruction on the spoliaiton of the documents. Plaintiff may file supplementary pleadings setting forth their time and expenses in prosecuting this motion.

/s/Timothy S. Hillman
TIMOTHY S. HILLMAN
MAGISTRATE JUDGE